Bill Ponath (#009543)
BILL PONATH LAW OFFICES, PLLC
16421 N. Tatum Blvd., Suite 121
Phoenix, Arizona 85032
Phone: (602) 404-0143    Fax: (480) 287-8705
bill@ponathlaw.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In Re: | ) | In Chapter 13 |
| | ) | |
| VERONICA ELIZABETH LANGLEY | ) | No. 2:14-bk-11134 PS |
| aka VERONICA ELIZABETH BRUNER, | ) | |
| | ) | |
| Debtor. | ) | Adv No. 2:15-ap-00831-PS |
| | ) | |
| VERONICA ELIZABETH LANGLEY | ) | |
| aka VERONICA ELIZABETH BRUNER, | ) | |
| | ) | |
| Plaintiff, | ) | COMPLAINT TO AVOID |
| | ) | SECOND DEED OF TRUST |
| vs. | ) | (Loan #...3796) |
| | ) | |
| SUNTRUST MORTGAGE, INC. | ) | |
| | ) | (Residence at 12821 W. |
| Defendant. | ) | Roanoke Ave, Avondale, AZ) |
| | ) | |

Plaintiff, VERONICA ELIZABETH LANGLEY, complain to the Defendant, SUNTRUST MORTGAGE, INC, named above, as follows:

**PARTIES**

1. Plaintiff filed a Voluntary Petition under Chapter 13 on **July 20, 2014.**

2. Upon information and belief, Plaintiff asserts that Defendant, SunTrust Mortgage Inc., is the holder of a Second Deed of Trust which is currently completely unsecured by any equity in the Debtor's residence.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 157 and 28 U.S.C. § 1334.

1

4. This matter is a "core" proceeding under 28 U.S.C. §157 (b)(1), which includes the following issues: matters concerning administration of the estate, 28 U.S.C. §157 (b)(2)(A); allowance or disallowance of claims, 28 U.S.C. §157 (b)(2)(B); **determination of the validity, extent, or priority of liens, 28 U.S.C. § 157(K);** and other proceedings affecting the . . . adjustment of the debtor-creditor or the equity security holder relationship, 28 U.S.C. §157 (b)(2)(O).

5. That venue in the District of Arizona is proper.

## FACTUAL BASIS OF CLAIM

6. The Plaintiff filed her Proposed Chapter 13 Plan with this Court on July 20, 2014. (Docket number 2).

7. Defendant, SunTrust Mortgage Inc., filed proof of claim No. 1 on July 29, 2014 in which it claims secured status with a recorded Deed of Trust on the subject real property, 12821 W. Roanoke Ave, Avondale, AZ 85323, in an amount "not to exceed $82,500.00" and with a current balance of $79,909.11 (Loan #...3796).

8. A Proof of Claim (No. 3) was filed on August 27, 2014 by Nationstar Mortgage, LLC, alleging a secured **First Deed of Trust** in the amount of **$184,301.96** (Loan #...3250)**. This claim is separate and independent from the claim of the Second lienholder and represents a senior lienholder.**

9. Upon information and belief, the value of the principal residence of the Debtors is $154,8600.00 **(as of the date of Petition)** as reflected in Schedule A filed on July 20, 2014.

10. The amount owed to the holder of the First Deed of Trust exceeds the value of the residence on the date of Petition. As a result, there is not even $1.00 of equity for the Second Deed of Trust.

11. Defendant claims a Second position lien on property of the debtor described below:

Debtor's residence at 12821 W. Roanoke Ave, Avondale, AZ 85323, being legally described as:

**LOT 188 OF RANCHO SANTA FE PARCELS 12,13,14 AND 15 ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY ARIZONA RECORDED IN BOOK 455 OF MAPS PAGE 44, PARCEL ID 501-89-620**

12. The alleged Second Deed of Trust, dated September 14, 2007, is recorded in Maricopa County, Arizona, in the office of the County Recorder at number **2007-1092548** on **October 4, 2007**.

13. The Second Deed of Trust held by Defendant, is wholly unsupported by equity and any claim filed must be treated as general unsecured claim which will be subject to discharge in bankruptcy upon completion of the Debtor's Plan See Code Sections 506(d) and 1322(b)(2) and Dewsnup v. Timm, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992); In re Enewally, 368 F.3d 1165 (9th Cir., 2004); In re Zimmer, 313 F.3d 1220 (9th Cir. Ct. App., 2002);

14. Any lien claimed to be held by the Second Deed of Trust must be declared null and void and of no effect.

**PRAYER FOR RELIEF**

WHEREFORE, Debtor prays for relief as follows:

1. That the Court find that the value of the residence of the Debtor was less than the amount owed to the holder of the First Deed of Trust at the time of filing the Chapter 13 Voluntary Petition on **July 20, 2014.**

2. That any timely filed claim of the Defendant is declared to be a general unsecured claim which will be subject to discharge in bankruptcy upon completion of the Chapter 13 Plan;

3. That the Second Deed of Trust claimed by Defendant and described above is hereby avoided and declared to be void and a nullity;

3

4. That the second lienholder and/or its successors-in-interest, be ordered to execute release of lien upon issuance of a notice of completed plan by the Trustee;

5. In the event the lienholder does not record a release in a timely manner a copy of the order entered herein along with the bankruptcy discharge recorded at the county recorder shall have the effect of releasing the lien.

6. That the attorney be awarded fees and costs of $550.00 for the work completed on this scrape off provided it is uncontested.

5. For such other and further relief as this Court may deem just and proper.

DATED this  15th   day of October, 2015.

BILL PONATH LAW OFFICES, PLLC


 /s/Bill Ponath (#009543)
Bill Ponath, Esq.
Attorney for Debtor

4